[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR CONTEMPT
On June 8, 1989, a permanent injunction was issued in accordance with a stipulation signed by all parties.
Part III of said injunction, in pertinent part, said:
"The defendants, their agents, directors, officers, employees, servants, subsidiaries, assigns, successors and all other persons in active concert or participation with them are permanently enjoined pursuant to Conn. Gen. Stat. 21-159(b), . . . . A. From operating a bakery without first obtaining a State bakery license as required by Conn. Gen. Stat.21a-152(b)."
Part IV of the injunction, in pertinent part, said:
"The defendants, their agents, directors, officers, CT Page 8498 employees, servants, subsidiaries, assigns, successors and all other persons in active concert or participation with them, are permanently enjoined pursuant to Conn. Gen. Stat. 21a-94, from engaging in, carrying on, or doing any of the following acts and practices by any means whatsoever, directly or indirectly:
 A. Manufacturing and/or selling any adulterated food as defined in Conn. Gen. Stat. 21a-101(a)(4).
 B. Causing the adulteration of any food in intrastate commerce.
 C. Manufacturing any food for and/or selling any food in intrastate commerce unless the defendants comply with each of the statutory provisions contained in Chapter 418 and Parts I and III of Chapter 419b of the General Statutes of Connecticut.
 D. Engaging in the business of manufacturing and/or producing and/or preparing and/or packaging and/or holding and/or selling any bagels and/or other food products made either wholly or in part of flour or meal at 395 West Main Street, Avon, Connecticut, unless in compliance with all applicable laws."
This court retained jurisdiction of the action. In addition the plaintiff was specifically "permitted . . . to seek court costs and a judgment of civil penalties pursuant to Conn. Gen. Stat. 42-110o(b)."
M M Bagel Corporation (the Corporation) on or before June 30, 1990 made an application for a State bakery license for the year 1990-91. At that time it still had a bakery license for the year 1989-90 which was valid through June 30, 1990. Such application was in compliance with 4-182(b) and by virtue of that statute the application continued the 1989-90 license.
On May 30, 1991 that application was denied and on June 10, 1991 the 1989-1990 license terminated.
Since that time the defendants have operated a bakery without a Connecticut bakery license in violation of the injunction on at least eighty (80) days through September 24, 1991. The bakery was closed for eleven (11) days in September. Such operation as a bakery on each of those occasions was without a Connecticut bakery license and thus CT Page 8499 in violation of Conn. Gen. Stat. 21a-152(b) and the injunction. The evidence in support of these findings is clear and convincing.
Service of this motion for contempt was made on each defendant on August 24, 1991.
The court does not find that the defendant Maxine Krantz had the ability to perform the requirements of the injunction. All the other defendants are found in contempt.
The bakery is now closed and has been since September 26, 1991.
The defendants shall pay a fine of $100 per day for 65 days and $300 per day for 15 days, being a total of $11,000. In addition the court has issued the following orders against all defendants except Maxine Krantz: Their liability is joint and several.
1. The bakery shall not re-open for business until:
 a. Such defendants obtain a State of Connecticut bakery license in accordance with Conn. Gen. Stat. 21a-152;
 b. Such defendants obtain from the Town of Avon, Health Department, all necessary permits and licenses to serve food at said bakery;
 c. Such defendants bring the bakery premises into compliance with all requirements of the Connecticut Uniform Food, Drug and Cosmetic Act, Chapter 418, Connecticut General Statutes, and the Bakery Act, Chapter 419b, Connecticut General Statutes;
 d. Such defendants immediately establish and maintain a written sanitation schedule. Such schedule must contain the cleaning tasks to be done each day and the name of the individual who is responsible for each task. This schedule must be immediately available at all times to any inspector from the Food Division of the Department of Consumer Protection; and
 e. Such defendants additionally place, in a conspicuous location in the front store window near the public entrance way of said bakery, a sign containing said written sanitation CT Page 8500 schedule. Such sign is to be at least 24" x 12" and the lettering thereon shall be legible to public viewers from at least ten feet in distance. The sign is to be first approved by the Court and be submitted for such approval within one week of this Contempt Judgment entered by the Court. Such sign, information thereon and the contempt judgment of this Court shall not in any way change the defendants' obligations under Chapters 418 and 419b of the Connecticut General Statutes and State Regulations, their: obligations under the federal laws and regulations and their. obligations under the permanent injunctions and other orders entered by the Court on June 8, 1989;
2. Such defendants shall immediately have every employee of the bakery, including the defendants, educated and trained in the use of proper sanitation methods;
3. Such defendants shall constantly maintain the interior and exterior the bakery in a clean, orderly and sanitary manner;
4. Such defendants shall obtain the continuing services of an exterminator and shall submit proof, on a quarterly basis, to the Department's Food Division that the services are ongoing. Said proof shall be submitted for two years commencing October 3, 1991;
5. That an inspection will be conducted by Food inspectors from the Department's Food Division on a monthly basis for the period October 1991 through October 1992. If said inspection is determined by the Food Division to be unsatisfactory, such defendants shall close down the bakery immediately and may not reopen the bakery until it passes an inspection. Such defendants shall be responsible for the costs of all such inspections and shall remit payment therefore to the Commissioner of Consumer Protection;
6. That in the enforcement of the within contempt Judgment and Enforcement Orders, such defendants shall not do any of the following:
 (a) Deny access by the Department of Consumer Protection to the premises at 395 West Main Street, Avon, Connecticut;
(b) Deny access by the Department of Consumer CT Page 8501 Protection to inspect the premises at 395 West Main Street, Avon, Connecticut.
7. That in the enforcement of the within Contempt Judgment and Enforcement Orders, such defendants shall destroy, without need for further process or hearing, and at the expense of such defendants, any food which in the sole opinion and discretion of the Department of Consumer Protection is held in violation of the Connecticut General Statutes;
8. That in the enforcement of the within Contempt Judgment and Enforcement Orders, the plaintiff is permitted at the expense of defendants, to condemn and order defendants to destroy any food which in the sole opinion and discretion of the Department of Consumer Protection is held in violation of Chapter 418 and 419b of the Connecticut Ge General Statutes;
9. That each of such defendants shall additionally pay, jointly and severally, to the State of Connecticut Five Hundred dollars ($500) for each day that such defendants fail to comply with the Court's Judgment of Contempt and Enforcement Orders or with any part thereof;
10. That the Court retains continuing jurisdiction of this action, including the within Contempt proceedings, against the defendants, for the purpose of ensuring compliance with the foregoing Court Orders and the injunction of June 8, 1989.
11. Such defendants shall pay all Court costs in connection with these Contempt proceedings.
12. That said Permanent Injunction and other orders entered by the Court on June 8, 1989 shall remain in full force and effect.
Dated at Hartford, Connecticut, on this 3rd day of October, 1991.
NORRIS O'NEILL JUDGE OF THE SUPERIOR COURT